# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## LAURIE MCCALLEN BAINER, ET AL. v. MAMIE RUTH MCCALLEN, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH101421     Walter L. Evans, Chancellor

---

### No. W2014-00627-COA-R3-CV - Filed December 3, 2014

---

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J.

Michele Howard Flynn and Robert D. Flynn, Memphis, Tennessee, for the appellants, Mamie Ruth McCallen.

Susan Callison and Mimi Phillips, Memphis, Tennessee, for the appellants, Laurie McCallen Bainer, Katherine McCallen Cain, William T. McCallen, and Mary McCallen Spurlock.

David L. Swilley Memphis, Tennessee, for the appellee, University of Memphis Foundation.

### MEMORANDUM OPINION[1]

On February 20, 2014, Appellant Mamie Ruth McCallen filed a Notice of Appeal with the Clerk and Master of the Chancery Court of Shelby County, Tennessee. This Court entered an Order on October 2, 2014, noting that since the date of the filing of the Notice of

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appeal, no further activity had taken place in the appeal and the Clerk of this Court had not received an appellate record. Thus, we directed Appellant Mamie Ruth McCallen to show cause why this appeal should not be dismissed for failure to prosecute and for failure to comply with the Tennessee Rules of Appellate Procedure.

Appellant filed a response to our Order on October 13, 2014, wherein Appellant stated that although the trial court designated the order appealed as a final judgment, there were certain claims and issues that were not resolved. Specifically, Appellant noted that the trial court did not adjudicate the Defendant's claim that the Trust owed her $141,370.03 for expenses she paid from her own funds on behalf of the Trust. Rather than deciding this issue, the trial court deferred to a proposed newly appointed substitute trustee to review the basis for this claim and make this decision. Also, the trial court ordered that the Defendant be replaced by the court-appointed special master, Louis Jay Miller, as the Substitute Trustee of the Surviving Spouse Trust. The trial court, however, specifically qualified the appointment of Mr. Miller, making his appointment as Successor Trustee contingent upon the unanimous written consent of all of the qualified beneficiaries of the Trust. Appellant maintains that Mr. Miller was not eligible to serve as the Successor Trustee due to his prior appointment as special master in this litigation and because he did not receive the unanimous consent of the qualified beneficiaries. Consequently, Appellant submits that the issue regarding appointment of a qualified Successor Trustee remained unresolved by the trial court's decision.

Appellant further states in her response that, for the reasons stated above, Appellant was of the opinion that the February 20, 2014 order was not a final and appealable order as defined in Rule 54 of the Tennessee Rules of Civil Procedure. Out of an abundance of caution, however, Appellant filed a Notice of Appeal with the trial court on March 20, 2014. On that same date, Appellant also filed with the trial court her "Motion to Amend and/or Make Additional Findings and/or to Alter and/or Amend the Findings of Facts, Conclusions of Law and Final Judgment Entered in this Cause on February 20, 2014," pursuant to Rules 52.02 and 59.04 of the Tennessee Rules of Civil Procedure. Also, Appellees filed their own "Motion to Amend Judgment Pursuant to Rule 59 and Rule 52.02." Appellant further advised the Court that the respective motions of the parties were set for hearing before Part I of the Chancery Court on May 22, 2014, but the trial court appointed a special master to hear the issues raised in the post-trial motions. Appellant stated that the appointed special master has yet to conduct any hearings on these issues, because the parties have been engaged in ongoing settlement discussions.

Although the Notice of Appeal was filed prematurely, Appellant submits that pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure, the Court should not dismiss the appeal. Instead, Appellant urges the Court to hold the appeal in abeyance, pending the trial court's disposition of the pending Rule 52.02 and Rule 59.04 motions.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

Based on Appellant's statements, the order appealed is clearly not a final judgment, and there is no indication that the parties will be able to obtain a final judgment in an expeditious manner. The Court declines to hold this appeal in abeyance, and therefore, the appeal must be dismissed for lack of a final judgment.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice, and the case is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the appellant, Mamie Ruth McCallen, and her surety, for which execution may issue if necessary.

**PER CURIAM**